IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRAIG STEPHENS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-2408-M-BF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Background**

On June 2, 2004, Petitioner pled guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § § 371, 1349. On July 7, 2005, Petitioner was sentenced to sixty months imprisonment and a three-year term of supervised release, as well as ordered to pay restitution in the amount of $8,033,920.63. Petitioner's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on July 13, 2006. *United States v. Stephens*, 190 Fed.Appx. 262 (5th Cir. 2006).

On December 15, 2009, Petitioner filed this § 2255 petition. Petitioner argues:

(1)     the trial judge improperly relied on enhancing facts that were not found by the jury or introduced by the defendant; and

(2)     the trial judge improperly rendered a sentence beyond the twenty-four month

maximum imprisonment stipulated in the sentencing guidelines.

On January 4, 2010, the Court ordered Petitioner to show cause why the petition should not be dismissed as barred by the statute of limitations. On March 4, 2010, Respondent filed a motion to dismiss. The Court finds the petition should be dismissed as barred by the statute of limitations.

## II.  Discussion

**1.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255 (1). On July 13, 2006, the Fifth Circuit affirmed Petitioner's conviction, which then became final ninety days later on October 11, 2006. *See* Sup. Ct. R. 13. Petitioner then had one year, or until October 11, 2007, to file his federal petition. Petitioner did not file his § 2255 petition until December 15, 2009. His petition is therefore

untimely.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because his attempts to find an attorney to represent him prevented him from filing his § 2255 petition on time. To be entitled to equitable tolling, Petitioner must demonstrate that he diligently pursued his habeas corpus relief. *See Coleman*, 184 F.3d at 402. Petitioner has failed to show diligence in pursuing relief, or that he was prevented in some extraordinary way from timely filing this action. Petitioner has not shown he is entitled to equitable tolling.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this 21st day of October, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).